**In re BAITINGER ELECTRIC CO., INC., Debtor.**

**BAITINGER ELECTRIC CO., INC., Plaintiff,**

**v.**

**DAIDONE ELECTRIC OF NEW YORK, INC. and Daidone Electric Inc., Defendants.**

No. 88 Civ. M47.
Bankruptcy No. 86–B–11507(BRL).
Adv. No. 88–5794A.

United States District Court,
S.D. New York.

Dec. 7, 1988.

Platzer, Fineberg & Swergold, New York City by Samuel Barry Young, Scott K. Levine, for plaintiff-debtor.

Myerson & Kuhn, New York City by Robin S. Weinstein, Carole Neville, for defendants-movant.

### DECISION

MILTON POLLACK, Senior District Judge:

Daidone Electric of New York, Inc., and Daidone Electric Inc. ("Daidone"), defendants, moves for withdrawal of the reference of Adversary Proceeding 88–5794A pursuant to 28 U.S.C. § 157(d), or in the alternative, for this court to abstain under 28 U.S.C. § 1334(c). For the reasons set forth below, this Court finds cause for withdrawal of the reference to the bankruptcy court exists, orders withdrawal and transfer of this adversary proceeding to

this Court's calendar, and denies Daidone's motion for abstention.

## Background

In November, 1985, Baitinger Electric Co., Inc. ("Baitinger" or "Debtor"), a distributor of electrical fixtures and supplies, contracted to sell certain electrical supplies to Daidone, for use in Daidone's electrical work on the Holland Tunnel. Baitinger delivered the electrical supplies after the delivery date specified in the contracts. Thereafter, on August 6, 1986, Baitinger filed a petition for relief under chapter 11 of the Bankruptcy Code.

On September 26, 1988, the Debtor filed this adversary proceeding seeking payment of amounts due under the contracts. Daidone counterclaimed for damages, refused to consent to entry of final orders by the bankruptcy court, and demanded a jury trial. Shortly after filing its answer, Daidone moved for withdrawal of reference to the bankruptcy court, or in the alternative, for abstention by this Court.

## Discussion

### A. Withdrawal of the Reference

■ The district court has exclusive jurisdiction over all cases under Title 11 of the United States Code, and original but not exclusive jurisdiction over all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334. Each district court may provide that Title 11 cases, or any and all proceedings arising in or related to such a case, shall be referred to bankruptcy judges for the district. 28 U.S.C. § 157(a). The Southern District of New York ordered all such proceedings referred to the bankruptcy court. 28 U.S.C. § 157(d) states:

The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown.

Cause for withdrawal of the reference exists here. At the hearing held on December 6, 1988, counsel for the Debtor indicated that this collection action was the last unresolved item in the bankruptcy estate, and that prompt disposition of this matter would facilitate distribution to creditors and closure of the case. Defendant Daidone, however, demanded a jury trial in this proceeding.

*Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which held bankruptcy courts could not exercise the judicial power reserved exclusively for Article III courts because they lack the essential attributes of an Article III court, and developments since then[1], cast doubts on a bankruptcy court's authority to conduct a jury trial. The Supreme Court has not yet determined whether presiding over jury trials is an essential attribute of judicial power exercisable only by Article III courts.

If this Court declines to withdraw the reference leaving the bankruptcy court to conduct a jury trial, appeals and disputes over the bankruptcy court's authority may delay considerably any distribution to creditors and closure of the estate. The Court finds that this delay and questions concerning the authority of the bankruptcy court to conduct a jury trial constitute cause for withdrawal of the reference.

### B. Abstention

■ Daidone further argues this Court should abstain from hearing this adversary

---

1. In distinguishing a grant of power to the Commodity Futures Trading Commission, a non-Article III entity, from the jurisdictional grant found unconstitutional in *Northern Pipeline,* Justice O'Connor writing for the Court stated: [T]he CFTC, unlike the bankruptcy courts under the 1978 Act, does not exercise "all ordinary powers of district courts," and thus may not, for instance, *preside over jury trials* or issue writs of habeas corpus.

*Commodity Futures Trading Commission v. Schor,* 478 U.S. 833, 853, 106 S.Ct. 3245, 3259, 92 L.Ed.2d 675 (1986) (emphasis added). The abrogation of Bankruptcy Rule 9015 with the Supreme Court's adoption of the new Bankruptcy Rules on March 10, 1987 (effective August 1, 1987), casts further doubt on the jury trial question.

proceeding under 28 U.S.C. § 1334(c). The mandatory abstention provision, § 1334(c)(2), states:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Assuming, without deciding, that the adversary proceeding is "related to" rather than "arising in" a case under Title 11, defendant failed to establish the other requirements for abstention. No action is pending in state court, and this Court entertains doubts about the ability of state courts in New York City to timely adjudicate this action. Nor does this Court believe that it should exercise its discretion to abstain under § 1334(c)(1). Counsel need not worry that the adversary proceeding will languish on this Court's docket.

Due consideration having been given to the briefs and arguments of counsel, this Court finds cause for withdrawal of the reference to the bankruptcy court exists, and hereby:

(1) DENIES defendant Daidone's motion requesting that the Court abstain from hearing Adversary Proceeding 88–5794A; and

(2) ORDERS withdrawal and transfer of Adversary Proceeding 88–5794A to this Court's docket.

THE COURT FURTHER ORDERS that:

(a) On or before December 21, 1988, the parties shall submit a stipulation setting forth a discovery schedule for this adversary proceeding providing for completion of all discovery on February 10, 1989;

(b) The parties shall submit a joint pretrial order to the Court on February 17, 1989;

(c) Requests for jury instructions shall be filed with the Court on February 27, 1989;

(d) Requests for voir dire of the jury shall be filed on March 3, 1988; and

(e) Trial is hereby set for March 6, 1989.